Bree R. Black Horse (WSBA #47803)
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, Washington 98101
Tel: (206) 516-3080
E: BRBlackhorse@kilpatricktownsend.com

Lisa Pearson (*Pro Hac Vice* Forthcoming)
E: LPearson@kilpatricktownsend.com
Briggs M. Wright (*Pro Hac Vice* Forthcoming)
E: Briggs.Wright@kilpatricktownsend.com
Kilpatrick Townsend & Stockton LLP
1114 Avenue of the Americas
New York, New York 10036
Tel: (212) 775-8700

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| INDUSTRIA DE DISENO TEXTIL, S.A. AKA INDITEX, S.A. and ZARA USA, INC.,<br><br>       Plaintiffs,<br><br>     v.<br><br>ZARA ACADEMY, LLC and GABRIELA AMANTE,<br><br>       Defendants. | CASE NO.:<br><br>**COMPLAINT** |

1  Plaintiffs Industria de Diseño Textil, S.A. aka Inditex, S.A. ("Inditex") and

2  Zara USA, Inc. ("Zara USA") (collectively, "Zara" or "Plaintiffs"), by and through

3  undersigned counsel, for their complaint against Defendants Zara Academy, LLC

4  ("Zara Academy") and Gabriela Amante (collectively, "Defendants") allege, based

5  on their knowledge, information and belief formed after a reasonable inquiry

6  pursuant to Rule 11 of the Federal Rules of Civil Procedure, as follows

7  **SUBSTANCE OF THE ACTION**

8  1.    Plaintiffs' ZARA brand is one of the world's largest, best-known, and

9  most successful fashion and lifestyle brands, offering a compelling blend of style,

10  quality, and price.  Since it was founded in Spain in 1975, the ZARA brand has

11  become one of the most famous brands in the world.

12  2.    As early as 2009, Forbes identified Zara as one of "America's Favorite

13  Foreign Retailers" and in 2017 heralded it as the "Most Exciting Retailer Today."

14  In 2022, the prestigious brand consultancy company Interbrand identified ZARA as

15  the 47th most valuable brand in the world across all categories in its "Best Global

16  Brand" rankings, above such household names as FEDEX, JOHNSON &

17  JOHNSON, STARBUCKS, and VOLKSWAGEN.

18  3.    Zara currently has over 2,000 ZARA stores in 95 markets

19  internationally, including 100 stores in the U.S.  Zara also sells its products in 215

20  markets internationally, including in the U.S., through its authorized e-commerce

21  websites *zara.com,* launched in September 2011, and *zarahome.com*, launched in

22  October 2012.  Starting in 2009, Zara has used its well-recognized ZARA design

23  mark shown below as both a service mark and a trademark to brand its stores,

24  products, and websites:

25  
26  ## Z A R A

27  4.    Through its retail stores and e-commerce websites, Zara offers a broad

28  range of goods bearing its ZARA word and stylized design marks (the "ZARA

COMPLAINT                                                                        - 1 -
CASE NO.:

Marks"). These branded products include a variety of beauty products and accessories, such as cosmetics, perfumes, body lotions, hair care products, and other personal care items, among many other product categories.

5.    Zara has built enormous goodwill in the ZARA Marks, as well as variants incorporating the term ZARA.  In addition to the common law rights it has developed through extensive use of the ZARA Marks in the U.S., Inditex owns a worldwide portfolio of trademark and service mark registrations for the ZARA Marks. In the U.S., its portfolio includes, among others, the U.S. registrations identified in **Exhibit 1** for personal care and beauty products and services.

6.    Unbeknownst to Zara, on or about June 14, 2018, well after Zara had established its hugely successful ZARA brand in the U.S. market, Defendant Gabriela Amante incorporated Defendant Zara Academy, LLC, and subsequently began operating a beauty training academy under the trade name and mark ZARA ACADEMY.  Defendants present their trade name and mark in typography that clearly evokes Zara's design mark and emphasizes the term ZARA as shown by the signage and logo below:




7.    Defendants similarly emphasize the ZARA component of their name

and mark and present them in a manner that creates a strong association with Plaintiffs' ZARA brand in promoting their services on their website at *zaraacademy208.com*, as well as ZARA ACADEMY social media accounts on Facebook (*facebook.com/ZARAACADEMY*) and Instagram (*instagram.com/zara.academywa*).

8.      Zara sent Defendants a demand letter dated June 7, 2022 objecting to Defendants' use of the trade name and mark ZARA ACADEMY and variants thereof including domain names and social media handles (collectively, the "ZARA ACADEMY Marks").  After initially expressing a willingness to resolve the matter amicably, Defendants stopped responding to follow-up requests and have continued use of the ZARA ACADEMY Marks in willful disregard of Zara's prior trademark rights to date.

9.      Defendants' use of the ZARA ACADEMY Marks to identify their services is likely to create confusion in the marketplace as to the affiliation between the parties and to dilute the ZARA Marks.

10.      Defendants' actions are causing irreparable harm by trading on Zara's fame and goodwill and diminishing the valuable trademark rights Zara has spent decades developing and protecting.  Zara therefore brings this action for trademark infringement under Section 32(1) of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1114(1); unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); federal trademark dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); dilution under the law of Washington, RCW § 19.77.160; unfair and deceptive trade practices under the laws of several states, including Washington, RCW § 19.86.020; and unfair competition under common law.

## PARTIES

11.      Plaintiff Industria de Diseño Textil, S.A. (also known as Inditex, S.A.) is a Sociedad Anónima duly organized and existing under the laws of Spain, with a

principal place of business at Edificio Inditex, Avenida de la Diputación, 15142 – Arteixo, A Coruña, Spain.  Through its affiliated companies, Inditex sells a wide variety of ZARA-branded goods, including beauty and personal care products, to consumers in the U.S. and worldwide.  Inditex is the owner of all trademark rights in the ZARA Marks (among other marks) in the U.S.

12.    Plaintiff Zara USA, Inc., a wholly owned subsidiary of Inditex, is a corporation organized and existing under the laws of New York, with a principal place of business at 500 Fifth Avenue, Floor 4, Suites 400-500, New York, New York 10110.  Zara USA holds the license to operate ZARA brick-and-mortar retail stores in the U.S. and fulfills the U.S. sales made on the *zara.com* e-commerce website.  It operates nearly 100 ZARA brick-and-mortar retail stores in the U.S., including three stores in the State of Washington, in which it has been registered to do business since November 30, 2016.

13.    Defendant Zara Academy, LLC is an active Washington limited liability company formed with the Washington Secretary of State on June 14, 2018. According to the corporate database of the Washington Secretary of State, Zara Academy, LLC's principal business address is 208 S. Wenatchee Avenue, Wenatchee, WA 98801.

14.    Defendant Gabriela Amante is the principal of Zara Academy, LLC, and currently resides at 1810 8th Street SE, East Wenatchee, WA, 98802. As the principal of Zara Academy, Ms. Amante directed, supervised, and actively participated in the infringing activities described herein.

**JURISDICTION AND VENUE**

15.    This Court has jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, under Sections 1331, 1338(a), 1338(b) and 1367 of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a), 1338(b), 1367 and under principles of pendent jurisdiction.

16.    This Court has personal jurisdiction over Defendants because

1  Defendants reside in and regularly and systematically do business in this district at

2  208 S. Wenatchee Ave., Wenatchee, Washington 98801.

3      17.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(a), (b) and

4  (c).

5                              **FACTUAL BACKGROUND**

6  **A.    The ZARA Brand**

7      18.    The ZARA brand is one of the largest, best-known, and most successful

8  fashion and lifestyle brands in the world.  In addition to beauty and personal care

9  products, Zara offers a wide variety of affordable clothing, footwear, accessories,

10  handbags, jewelry, and home products among other goods, under the ZARA Marks.

11  Zara sells its products through its own ZARA retail stores and e-commerce website

12  to consumers in the U.S. and worldwide.

13      19.    Zara opened its first ZARA retail store in Spain in 1975.  Since that

14  date, Zara has continued to open new ZARA stores worldwide and, in 1989, opened

15  its first ZARA store in the U.S., located in New York.  Today there are over 2,200

16  ZARA stores in 95 markets worldwide, including nearly 100 ZARA stores in the

17  U.S.  Zara launched its e-commerce website *zara.com* in September 2011.

18      20.    Based on the success of the ZARA fashion brand, Inditex introduced

19  the ZARA HOME brand in 2003, offering ZARA HOME-branded home and

20  personal care products, among other goods.  Today, there are over 400 ZARA

21  HOME stores in 45 countries worldwide and consumers in the U.S. can purchase

22  ZARA HOME goods through the e-commerce website *zarahome.com*, launched in

23  October 2012.

24      21.    Zara has built enormous goodwill in the family of ZARA Marks it uses

25  to identify its goods and services in the U.S. and elsewhere.

26      22.    Indeed, the ZARA brand has become one of the most recognized and

27  valuable brands in the world.  The strength and value of the ZARA brand is

28  consistently and frequently recognized in brand awareness and brand value surveys,

1  including, by way of example, the following:

2      a.    Interbrand ranked ZARA the 25th most valuable brand in the

3  world in 2018, the year Defendants first incorporated Zara Academy.  A true and

4  correct copy of Interbrand's "Best Global Brands" rankings from 2018, annotated to

5  identify ZARA's ranking, is attached hereto as **Exhibit 2**.

6      b.    Forbes ranked the ZARA brand as the 46th most valuable brand

7  in the world in its 2018 "World's Most Valuable Brands" rankings, above

8  GILLETTE, J.P. MORGAN, SONY, UPS and other well-known brands.  A true and

9  correct copy of Forbes's "World's Most Valuable Brands" rankings from 2018,

10 annotated to identify ZARA's ranking, is attached hereto as **Exhibit 3**.

11     23.    The ZARA brand has also been the subject of extensive media

12 coverage, including, by way of example only, the following articles in leading U.S.

13 publications, true and correct copies of which are included in **Exhibit 4**:

14     a.  In 2012, The New York Times reported on the phenomenal

15 success of the ZARA brand, describing Zara as "the World's Largest Fashion

16 Retailer."  *See* Hansen, S., "How Zara Grew Into the World's Largest Fashion

17 Retailer", The New York Times, Nov. 9, 2012.

18     b.  In 2009, 2013, and 2015, Forbes similarly reported on the

19 strength and success of the ZARA brand, declaring it one of "America's Favorite

20 Foreign Retailers" and "the leader in rapid development of fast changing fashions."

21 *See* Sherman, L., "America's Favorite Foreign Retailers", Forbes, March 24, 2009;

22 Loeb, W., "Zara's Secret to Success: The New Science of Retailing", Forbes, Oct.

23 14, 2013; and Loeb, W., "Zara Leads in Fast Fashion", Forbes, March 30, 2015.

24     c.  In 2014, The Wall Street Journal described the ZARA brand as a

25 "'Fast Fashion' Pioneer" and "the world's largest fashion retailer by revenue."  *See*

26 Chu, K., "Why Zara is a 'Fast Fashion' Pioneer", The Wall Street Journal, June 24,

27 2014.

28     d.  The New Yorker described Zara as "possibly the most innovative

COMPLAINT                                                           - 6 -
CASE NO.:

and devastating retailer in the world." See Surowiecki, J., "The Most Devastating Retailer in the World", The New Yorker, Sept. 18, 2000.

24.    Zara has obtained numerous U.S. trademark and service mark registrations for the ZARA Marks in connection with its fashion and lifestyle products and services. It first filed for and registered ZARA (Reg. No. 1,629,592) in connection with retail clothing store services in 1990. Since that time, it has built a portfolio of over 30 U.S. registrations incorporating ZARA for its products and services.

25.    Zara offers a broad range of products and services under the ZARA Marks and has successfully launched new brand extensions in the past. For example, Zara successfully expanded the reach and reputation of the ZARA Marks to high quality home goods when it launched ZARA HOME in 2003.

26.    Zara introduced its first fragrances in the United States in 2007 and its first cosmetics line in 2019. More recently, Zara launched a complete line of beauty products —created in collaboration with renowned British makeup artist Diane Kendal—all housed in a sleek store-in-store setting. In addition to the beauty and personal care products and associated retail services Zara offers under the ZARA Marks, Zara hosts makeup tutorials on its official YouTube channel, featuring well-known influencers such as Freya Tidy and Jourdan Sloane. It has previously offered beauty and spa services at its retail stores in Spain, including hairdressing and massage services.

27.    Because of Zara's exclusive and extensive use of the ZARA Marks as both service marks and trademarks, the marks have acquired enormous value, and are widely recognized as identifying and distinguishing Zara as the source of services and goods offered bearing the ZARA Marks. Inditex owns strong common law rights in the ZARA Marks in the U.S. by reason of its extensive and continuous use.

28.    Inditex owns the following U.S. trademark registrations for the ZARA

Marks and variants thereof in the U.S. for beauty and personal care goods and

related retail services (the "ZARA Registered Beauty Marks"):

| Mark (Reg. No.) | Relevant Class and Goods/Services (Excerpted) | Key Dates |
|---|---|---|
| ZARA (2,956,406) | Class 26: Hair accessories, namely, elastic and rigid hair bands, hair grips, hair ornaments, and hair pins | **Filing:**  August 1, 2000 **Registration:** May 31, 2005 **Priority Date Based on Prior Foreign Filing:**  May 3, 2000 |
| ZARA (4,030,529) | Class 35: retail store services in the fields of games and playthings, clothing, clothing accessories, **personal care products,** leather goods, luggage and bags, footwear, jewelry, **cosmetics, fragrances,** sunglasses and housewares; retail store services provided via global computer networks, in the fields of games and playthings, clothing, clothing accessories, **personal care products,** leather goods, luggage and bags, footwear, jewelry, **cosmetics, fragrances,** sunglasses and housewares | **Filing:** July 20, 2010 **Registration:** September 27, 2011 |
| ZARA (4,862,431) | Class 3: Fragrances, perfumes and colognes; cosmetics; make-up; soaps for personal use | **Filing:** March 16, 2015 **Registration:** December 1, 2015 |
| ZARA (5,614,476) | Class 35: Retail and wholesale store services and online retail and wholesale store services in the fields of | **Filing:** July 5, 2017 **Registration:** November 27, 2018 |

| | | |
|---|---|---|
| | games and playthings, clothing, clothing accessories, **personal care products,** leather goods, luggage and bags, footwear, jewelry, **cosmetics, fragrances,** sunglasses, housewares and kitchenwares, furniture, and bedding | |
| ZARA HOME (2,987,219) | Class 3:  Skin soaps; liquid hand soaps; cosmetics, namely, skin care creams, beauty creams; incense | **Filing:**  September 16, 2003 **Registration:** August 23, 2005 **Priority Date Based on Prior Foreign Filing:**  March 17, 2003 |
| ZARA HOME (4,586,706) | Class 35:  online retail store services available through other electronic means, all featuring clothing and fashion accessories, footwear, **personal care products,** paper products and stationery products, luggage, leather goods and bags, textiles and home furnishings, toys, housewares, and hardware | **Filing:** June 4, 2012 **Registration:** August 19, 2014 |
| ZARA HOME (5,940,500) | Class 3:  . . . soaps; perfumery, essential oils . . . ; oils for toilet purposes, eaux de toilette, boot creams, . . .  incense . . . ; lotions for cosmetic purposes; . . . cosmetic preparations for baths, cosmetic preparations for skin care . . . ; washing products, namely, bath and shower gels . . . ; non-medicated products, namely, | **Filing:** February 16, 2018 **Registration:** December 24, 2019 |

| | shampoo, conditioner . . . ;<br>sachets for perfuming linen;<br>… non-medical bath salts . .<br>. | |

29.    True and correct copies of the registrations referenced above, along with the current status page for each registration (found at ***uspto.gov***), are attached hereto as **<u>Exhibit 1</u>**.

30.    In addition to the marks above for personal care products and services, Zara has obtained numerous registrations for its ZARA Marks in connection with other products and services, including Reg Nos. 1,922,163; 2,038,110; 2,392,637; 2,552,043; 2,531,638; 2,603,674; 2,611,596; 2,616,652; 2,859,224; 2,956,372; and 2,947,011.

31.    Over the years, Zara also has used and secured US trademark registrations for a number of variants consisting of the term ZARA and generic or descriptive terms including, for example, Reg. No. 3,835,143 for ZARA HOME (Stylized); and Reg. No. 5,934,627 for ZARA SRPLS.

32.    All of the foregoing registrations are valid, subsisting, and in full force and effect. These registrations constitute "prima facie evidence of the validity" of the marks and of Inditex's "exclusive right to use the registered mark[s] in commerce" as provided by Section 33(a) of the Lanham Act, 15 U.S.C. § 1115(a). Reg. Nos. 1,629,592, 1,922,163 and 2,038,110 for ZARA are incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, and so serve as conclusive evidence of Inditex's ownership of the marks and of its exclusive rights to use the marks in commerce on or in connection with all of the goods identified in the registrations, as provided by Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b).

**B.    Defendants' Unlawful Acts**

33.    Defendants operate a beauty school under the name and mark ZARA ACADEMY offering cosmetology, barber, and esthetician courses.  At their

1   Wenatchee, WA storefront, on their website, and on related social media accounts,

2   Defendants not only emphasize the ZARA component of their name and mark by

3   displaying it in bigger and bolder letters than ACADEMY, but also employ a

4   stylized font bearing a striking similarity to that of Zara's well-known design mark:









**Zara's Seattle, WA Storefront**　　　　**Zara Academy's Wenatchee, WA Storefront**

25   34.    Zara has not authorized Defendants' use of the ZARA ACADEMY

26   Marks and has no control over the quality of Defendants' services.  According to a

27   story in the Wenatchee World, students at Zara Academy have only "six to eight

28   weeks of theory and practice" before they "provide styling and other services to the

COMPLAINT                                                                                    - 11 -
CASE NO.:

public." A true and correct copy of the Wenatchee World article is attached hereto as **Exhibit 5**.

35.     Zara, through counsel, sent a letter to Defendants on June 7, 2022, expressing its concern that Defendants' use of the ZARA ACADEMY Marks in connection with "cosmetology, barber, and esthetician courses and related social media accounts" would lead to consumer confusion with Zara's famous ZARA Marks "particularly in view of the striking similarities between [Defendants'] logo and the signature typeface in Inditex's logo." Zara concluded by requesting that Defendants, among other things, cease use of the ZARA ACADEMY Marks. A true and correct copy of Zara's June 7, 2022 letter is attached hereto as **Exhibit 6**.

36.     Though Defendants initially expressed willingness to resolve the matter amicably, despite Zara's repeated attempts to engage in discussions following the June 7, 2022 demand letter, Defendants have refused to stop using the ZARA ACADEMY Marks.

37.     The ZARA ACADEMY Marks incorporate Zara's famous brand name in its entirety. The first and predominant component of ZARA ACADEMY is ZARA. Defendants generally feature the term ZARA more prominently than the generic term ACADEMY, in a font that is highly similar to Zara's distinctive design mark.

38.     Defendants offer services closely related to Zara's goods and services. Further, Zara has historically expanded its ZARA brand to new categories of goods and services under variants of the ZARA Marks (such as ZARA HOME) incorporating the term ZARA and a generic or descriptive term.

39.     Defendants' use of the ZARA ACADEMY Marks is therefore likely to deceive, confuse and mislead purchasers and prospective purchasers into believing that the services offered under the marks are affiliated with or come from Zara, when in fact they are not. Purchasers and prospective purchasers who are disappointed with Defendants' products and services are likely to attribute their

dissatisfaction to Zara. The likelihood of confusion, mistake and deception engendered by Defendants' actions is causing irreparable harm to Zara's reputation and goodwill.

40. Further, Defendants use of the ZARA ACADEMY Marks, with the first and predominant element ZARA, is likely to dilute, does dilute, and will continue to dilute the distinctive quality of the ZARA Marks by lessening their capacity to identify and distinguish Inditex exclusively as the source of goods and services bearing those marks and is likely to tarnish, does tarnish, and will continue to tarnish the ZARA Marks by associating them with services of inferior quality, in violation of 15 U.S.C. § 1125(c).

41. Defendants has actual and constructive notice of Zara's prior rights in the ZARA Marks but nevertheless adopted and has continued to use the ZARA ACADEMY Marks, even after receiving a demand letter laying out Zara's objections. Defendants' conduct is willful and in reckless disregard of Zara's legal rights.

## FIRST CLAIM FOR RELIEF
### FOR TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT
#### (15 U.S.C. § 1114)

42. Zara repeats and re-alleges each and every allegation set forth above, and incorporates them herein by reference.

43. Inditex owns federal trademark registrations for the Registered ZARA Beauty Marks, true and correct copies of which are included in **Exhibit 1**.

44. Defendants' unauthorized distribution, marketing, promotion, offering for sale, and sale of services under the ZARA ACADEMY Marks, which incorporate and are confusingly similar to Inditex's ZARA Registered Beauty Marks, is likely to cause confusion, mistake, or deception as to the source, affiliation, or sponsorship of Defendants' services.

45. As a result of Defendants' unauthorized use of the ZARA ACADEMY Marks, which incorporate the ZARA mark in its entirety and are confusingly similar

COMPLAINT
CASE NO.:

- 13 -

to Inditex's ZARA Registered Beauty Marks, the public is likely to believe, erroneously, that Defendants' services have been approved by, or are affiliated with Inditex, and are subject to Inditex's quality control measures.

46.     Defendants' infringement of Inditex's ZARA Registered Beauty Marks is willful, intended to reap the benefit of the goodwill of Inditex, and violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

47.     The aforesaid conduct of Defendants is causing irreparable injury to Inditex and to its goodwill and reputation, and will continue to both damage Inditex and deceive the public unless enjoined by this Court.  Inditex has no adequate remedy at law, injunctive relief is warranted considering the hardships between Zara and Defendants, and the public interest would be served by enjoining Defendants' use of the ZARA ACADEMY Marks and any other designation that incorporate and are confusingly similar to Inditex's ZARA Registered Beauty Marks.

**SECOND CLAIM FOR RELIEF**
**FEDERAL UNFAIR COMPETITION, FALSE DESCRIPTION**
**AND FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT**
**(15 U.S.C. § 1125(a)(1)(A))**

48.     Zara repeats and re-alleges each and every allegation set forth above, and incorporates them herein by reference.

49.     The ZARA Marks are strong, highly distinctive source identifiers for Zara.  They are entitled to the broadest scope of protection.

50.     Inditex owns all rights in the ZARA Marks and Zara USA licenses the marks for brick-and-mortar retail store services in the U.S.  Defendants are not authorized to use the ZARA Marks.

51.     Defendants' distribution, marketing, promotion, offering for sale, and sale of services under the ZARA ACADEMY Marks, which incorporate and are confusingly similar to the ZARA Marks, is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Zara, or as to the origin, sponsorship, or approval of Defendants' services by

1   Zara.

2       52.    Defendants' conduct is willful, intended to reap the benefit of Zara's

3   goodwill, and violates Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. §

4   1125(a)(1)(A).

5       53.    The aforesaid conduct of Defendants is causing irreparable injury to

6   Zara and to its goodwill and reputation, and will continue to both damage Zara and

7   deceive the public unless enjoined by this Court.  Zara has no adequate remedy at

8   law.

9                          **THIRD CLAIM FOR RELIEF**
   **FOR FEDERAL TRADEMARK DILUTION UNDER THE LANHAM ACT**
10                          **(15 U.S.C. § 1125(c))**

11      54.    Zara repeats and re-alleges each and every allegation set forth above,

12  and incorporates them herein by reference.

13      55.    The ZARA Marks are famous throughout the U.S., having been used

14  exclusively and extensively by Inditex since at least as early as 1989.  By reason of

15  Zara's extensive use, marketing, and sales, the ZARA Marks are distinctive and

16  famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. §

17  1125(c).

18      56.    Defendants' unauthorized use of the ZARA ACADEMY Marks, which

19  incorporate the ZARA word mark and design mark in its entirety, began well after

20  the ZARA Marks became famous in the U.S.  Zara obtained its first U.S. registration

21  for ZARA in 1990, and now has a portfolio of over 30 U.S. registrations for the

22  ZARA Marks and variants thereof, including but not limited to the registrations

23  identified in paragraphs **24** and **28-31** above.

24      57.    Defendants' unauthorized use of the ZARA ACADEMY Marks, which

25  incorporate and are confusingly similar to Inditex's ZARA Marks, is likely to dilute,

26  does dilute, and will continue to dilute the distinctive quality of the ZARA Marks by

27  lessening their capacity to identify and distinguish Inditex exclusively as the source

28  of goods and services bearing that mark and is likely to tarnish, does tarnish, and

COMPLAINT                                                              - 15 -
CASE NO.:

1  will continue to tarnish the ZARA Marks by associating them with products and
2  services of inferior quality, in violation of 15 U.S.C. § 1125(c).

3      58.    The aforesaid conduct of Defendants is causing irreparable injury to
4  Inditex and to its goodwill and reputation, and will continue to both damage Inditex
5  and deceive the public unless enjoined by this Court.  Inditex has no adequate
6  remedy at law.

**FOURTH CLAIM FOR RELIEF
TRADEMARK DILUTION UNDER WASHINGTON LAW
(RCW § 19.77.160)**

9      59.    Zara repeats and re-alleges each and every allegation set forth above,
10  and incorporates them herein by reference.

11      60.    The ZARA Marks are distinctive and well-known throughout the U.S.
12  By reason of Zara's extensive use, the ZARA Marks have become distinctive source
13  identifiers of the ZARA brand, and the ZARA Marks are associated exclusively
14  with Zara, including by consumers in the State of Washington.

15      61.    Defendants' unauthorized use of the ZARA ACADEMY Marks, which
16  incorporate and are confusingly similar to Zara's ZARA Marks, began after the
17  ZARA Marks became well-known and distinctive.

18      62.    Defendants' unauthorized use of the ZARA ACADEMY Marks, which
19  incorporate and are confusingly similar to Zara's ZARA Marks, is likely to dilute,
20  does dilute, and will continue to dilute the distinctive quality of the ZARA Marks by
21  lessening its capacity to identify and distinguish Zara exclusively as the source of
22  goods bearing the ZARA Marks and is likely to tarnish, does tarnish, and will
23  continue to tarnish the ZARA Marks by associating them with products and services
24  of inferior quality, in violation of RCW § 19.77.160.

25      63.    The aforesaid conduct of Defendants is causing irreparable injury to
26  Zara and to its goodwill and reputation, and will continue to both damage Zara and
27  deceive the public unless enjoined by this Court.  Zara has no adequate remedy at
28  law.

COMPLAINT                                                                      - 16 -
CASE NO.:

**FIFTH CLAIM FOR RELIEF**
**UNFAIR AND DECEPTIVE TRADE PRACTICES**
**UNDER WASHINGTON CONSUMER PROTECTION ACT**
**(RCW § 19.86.020)**

64.    Zara repeats and re-alleges each and every allegation set forth above, and incorporates them herein by reference.

65.    Defendants are engaged in unfair and deceptive acts by using the ZARA ACADEMY Marks in connection with the promotion and sale of Defendants' services in commerce.

66.    Defendants' unfair and deceptive acts are likely to cause confusion or mistake among Washington consumers and others as to the source or affiliation of Defendants' services, contrary to the public interest.

67.    By reason of the acts set forth above, Defendants has been and is engaged in unfair and deceptive acts or practices in the conduct of a business, trade or commerce in violation of the Washington Consumer Protection Act (RCW § 19.86.020), and upon information and belief the unfair and deceptive trade practices statutes of several states.

68.    Defendants' unfair and deceptive acts have been and are a knowing, deliberate, and willful attempt to unfairly compete with Zara.

69.    The aforesaid conduct of Defendants is causing irreparable injury to Zara and to its goodwill and reputation, and will continue to both damage Zara and deceive the public unless enjoined by this Court.  Zara has no adequate remedy at law.

**SIXTH CLAIM FOR RELIEF**
**WASHINGTON COMMON LAW TRADEMARK INFRINGEMENT AND**
**UNFAIR COMPETITION**

70.    Zara repeats and re-alleges each and every allegation set forth above, and incorporates them herein by reference.

71.    Zara owns and enjoys common law rights in Washington and throughout the United States in the ZARA Marks for use in connection with (among

COMPLAINT
CASE NO.:

- 17 -

other things) personal care goods and retail services which have clear priority over any rights that Defendants may claim in the ZARA ACADEMY Marks.

72.    Defendants' unauthorized advertising, distribution, and sale of services under the ZARA ACADEMY Marks, which incorporate and are confusingly similar to Zara's ZARA Marks, constitutes a false designation of origin and a false description or representation that Defendants' goods and services are authorized by Zara, and is thereby likely to confuse consumers.

73.    Defendants are using the ZARA ACADEMY Marks with full knowledge of Zara's superior rights in the ZARA Marks.  Defendants' acts of unfair competition are willful and deliberate and with an intent to reap the benefit of the goodwill and reputation associated with the ZARA Marks.

74.    Defendants' sale and distribution of services under the ZARA ACADEMY Marks, which incorporate and are confusingly similar to Zara's ZARA Marks in connection with personal care goods and retail services, constitutes trademark infringement and unfair competition under the common law of the State of Washington.

75.    The aforesaid conduct of Defendants is causing irreparable injury to Zara and to its goodwill and reputation, and will continue to both damage Zara and deceive the public unless enjoined by this Court.  Zara has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Zara demands judgment as follows:

1.    That an injunction be issued enjoining Defendants, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by Defendants, and all those in active concert and participation with Defendants, and each of them who receives notice directly or otherwise of such injunction from:

a)    Using ZARA ACADEMY as a name or mark for any goods or

COMPLAINT
CASE NO.:

- 18 -

services;

b)      manufacturing, offering, selling, marketing, promoting, advertising, or providing goods or services under the ZARA ACADEMY Marks or any other marks or designations that are confusingly similar to the ZARA Marks;

c)      using any false designation of origin or false description, or performing any act which is likely to lead members of the trade or public to believe that any product manufactured, imported, distributed, offered for sale, or sold by Defendants, or any service offered or rendered by Defendants, is in any manner associated or connected with Zara, or is licensed, sponsored, approved, or authorized by Zara;

d)      engaging in any other activity constituting unfair competition with Zara, or constituting infringement of the ZARA Marks;

e)      taking any action, including the use of the ZARA ACADEMY Marks or variants thereof, that dilutes the unique association between the ZARA Marks and Zara, or that tarnishes the reputation or image of Zara;

f)      disposing of, destroying, altering, moving, removing, concealing, tampering with, or in any manner secreting any business records (including computer records) of any kind, including invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to any retail services offered in connection with the ZARA ACADEMY Marks, or any other mark or designation that is confusingly similar to any of the ZARA Marks;

g)      instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (f) above;

2.      Directing that Defendants cease use of the domain name ***zaraacademy208.com*** and cancel any advertising regardless of medium (including but not limited to social media accounts) using the ZARA ACADEMY Marks, or any mark or designation that is confusingly similar to any of the ZARA Marks;

3.      Directing that Defendants deliver to Zara's counsel for destruction at

COMPLAINT
CASE NO.:

- 19 -

Defendants' cost all signs, products, packaging, promotional material, advertising material, catalogs, and any other items bearing the ZARA ACADEMY Marks, or any mark or designation that is confusingly similar to any of the ZARA Marks;

4.     Directing that Defendants recall from all suppliers and distributors any and all marketing materials, products and packaging sold or distributed by Defendants under the ZARA ACADEMY Marks or any other mark or designation that is confusingly similar to any of the ZARA Marks, and, upon recall, to deliver such goods up to Zara's counsel for destruction or donation at Defendants' cost;

5.     Directing that Defendants change the name of Zara Academy, LLC at the Washington Secretary of State's Office such that does not incorporate the ZARA Marks or any mark or designation that is confusingly similar to any of the ZARA Marks;

6.     Requiring Defendants to account for and pay over to Zara three times the profits realized by Defendants from its acts of willful trademark infringement and dilution of the ZARA Marks and unfair competition with Zara pursuant to 15 U.S.C. § 1117(a);

7.     Awarding Zara its actual damages, trebled pursuant to 15 U.S.C. § 1117(a) and RCW 19.86.090, arising out of Defendants' acts of willful trademark infringement, unfair competition and trademark dilution;

8.     Awarding Zara its actual damages arising out of Defendants' acts of willful, unfair, and deceptive trade practices and dilution of the distinctive quality of the ZARA Marks;

9.     Awarding Zara interest, including pre-judgment interest, on the foregoing sums;

10.    Awarding Zara its costs in this civil action, including reasonable attorneys' fees and expenses, pursuant to 15 U.S.C. § 1117(a) and (b) and RCT § 19.182.150;

11.    Directing that Defendants file with the Court and serve upon Zara's

counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendants has complied with the above; and

12.    Awarding Zara such other and further relief as the Court may deem just and proper.

DATED: February 16, 2023          Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP


By: */s/* Bree R. Black Horse
_____
Bree R. Black Horse
Lisa Pearson (*Pro Hac Vice* Forthcoming)
Briggs M. Wright (*Pro Hac Vice* Forthcoming)

*Attorneys for Plaintiffs*

US2008 21407907 1

COMPLAINT
CASE NO.:

- 21 -