1
2
3
4
5

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 08, 2024

SEAN F. McAVOY, CLERK

6       UNITED STATES DISTRICT COURT

7       EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| 9  INDUSTRIA DE DISENO TEXTIL, S.A. | |
| 10  AKA INDITEX, S.A. and ZARA USA, | No. 2:23-CV-00046-SAB |
| 11  INC., | |
| 12            Plaintiffs, | **ORDER AND PERMANENT** |
| 13        v. | **INJUNCTION** |
| 14  ZARA ACADEMY, LLC and GABRIELA | |
| 15  AMANTE, | |
| 16            Defendants. | |

17        Before the Court is Plaintiffs' Motion for Default Judgment Against

18   Defendant Zara Academy, LLC and Gabriela Amante, ECF No. 13. Plaintiffs are

19   represented by Briggs M. Wright and Lisa S. Pearson. The motion was heard

20   without oral argument.

21                    **I.        INTRODUCTION**

22        Pursuant to Federal Rule of Procedure 55(b)(2) and Local Civil Rule 55(b),

23   Plaintiffs Industria De Diseño Textil, S.A. aka Inditex, S.A. ("Inditex") and Zara

24   USA, Inc., (collectively, "Zara" or "Plaintiffs") have moved this Court for a default

25   judgment against Defendants Zara Academy, LLC and Gabriela Amante

26   (collectively, "Defendants") and a permanent injunction prohibiting Defendants

27   from engaging in future acts of trademark infringement under Section 32(1) of the

28   Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1114(1); unfair

**ORDER AND PERMANENT INJUNCTION # 1**

competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); federal trademark dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); dilution under the law of Washington, RCW § 19.77.160; unfair and deceptive trade practices under the laws of several states, including Washington, RCW § 19.86.020; and unfair competition under common law. Defendants have elected not to defend against Zara's claims, and default was entered against each of them on January 3, 2024. ECF 12.

Having reviewed Plaintiffs' motion and the supporting documents submitted therewith, the Court finds good cause to grant the requested relief.

## II.    ANALYSIS

The Court has authority to enter a default judgment based on the clerk's entry of default (ECF 12) pursuant to Federal Rule of Civil Procedure 55 and Local Civil Rule 55. The Court accepts the well-pleaded allegations of the Complaint as established fact. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). The Court finds that Zara is entitled to the entry of a default judgment, and to the relief requested in its Proposed Order and Permanent Injunction.

### A. The Court Has Jurisdiction to Enter Default Judgment

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Here, the Court has subject matter jurisdiction over Zara's claims and personal jurisdiction over Defendants.

The Court has subject matter jurisdiction over Zara's federal claims for trademark infringement, unfair competition, false description and false designation or origin, and trademark dilution under the Lanham Act pursuant to Sections 1331, 1338(a), and 1338(b) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a), and 1338(b). The Court has subject matter jurisdiction over Zara's state claims for trademark dilution under Washington law, unfair and deceptive trade practices

**ORDER AND PERMANENT INJUNCTION # 2**

under the Washington Consumer Protection Act ("WCPA"), and common law trademark infringement and unfair competition under principles of pendent jurisdiction pursuant to 28 U.S.C. § 1367 because those claims are directly related to its federal claims.

The Court has general jurisdiction over Defendants because, as residents of the Eastern District of Washington, they are "primarily at home" in this district. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 925 (2011); Compl. (ECF 1) ¶¶ 13-14.[1] The Court also has specific jurisdiction over Defendants because "their contacts with the forum give rise to the cause of action before the Court." *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001). Specifically, Defendants purposefully directed their tortious acts towards Washington (¶¶ 33-34), and but for Defendants' tortious acts, Zara would not have been injured. *See CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011).

### B. Zara Has Established Defendants' Liability

### 1. Defendants are Liable for Trademark Infringement Under the Lanham Act

To establish trademark infringement under Section 32(1) of the Lanham Act, a claimant must show: (1) it has a federally registered trademark or service mark; and (2) the alleged infringer's use of the mark "is likely to cause confusion, or to cause mistake, or to deceive." *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1134 (9th Cir. 2006); 15 U.S.C. § 1114(1). Plaintiff Inditex, the owner of the federally registered marks at issue, has established both elements.

Through its retail stores and e-commerce websites, Inditex and its affiliated companies, including its wholly owned U.S. subsidiary Plaintiff Zara USA, Inc., offers a broad range of goods and retail services under the name and mark ZARA, composite marks containing that term, and design variants thereof (the "ZARA Marks"). ¶¶ 3-5.

//

**ORDER AND PERMANENT INJUNCTION # 3**

//

Inditex commenced use of ZARA as both a service mark and a trademark to brand its stores, products, and websites in the U.S. in 1989 and in 2009 started using the distinctive logo depicted below:

**ZARA**

¶¶ 3, 19.

The ZARA Marks are strong and widely recognized as identifying and distinguishing Inditex as the source of services and goods offered bearing the ZARA Marks. ¶¶ 21-27.

Inditex owns numerous valid U.S. trademark registrations (Reg. Nos. 2,956,406; 4,030,529; 4,862,431; 5,614,476; 2,987,219; 4,586,706; and 5,940,500) for its ZARA Marks for beauty and personal care products (the "ZARA Registered Beauty Marks"). ¶ 28, 32. It also owns numerous registrations (including Reg. Nos. 1,922,163; 2,038,110; 2,392,637; 2,552,043; 2,531,638; 2,603,674; 2,611,596; 2,616,652; 2,859,224; 2,956,372; and 2,947,011), some of which are incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, for its ZARA Marks in connection with other products and services. ¶ 30. A number of its registrations (including, for example, Reg. No. 3,835,143 for ZARA HOME (Stylized) and Reg. No. 5,934,627 for ZARA SRPLS) cover composite marks consisting of the term ZARA and a generic or descriptive terms such as ZARA HOME. ¶ 31. Pursuant to Section 33 of the Lanham Act, the registration certificates for the ZARA Registered Beauty Marks annexed to the Complaint at Exhibit 1 constitute "prima facie evidence of the validity [and] registration of the mark[s], of [Inditex]'s ownership of the mark[s], and of [Inditex]'s exclusive right to use the registered mark[s] in commerce." 15 U.S.C. § 1115(a). The Complaint and uncontested proof of registration conclusively establish Inditex's protected ownership of these registered

**ORDER AND PERMANENT INJUNCTION # 4**

ZARA Marks. *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1124 (9th Cir. 2014).

Defendants present their name and mark in typography that clearly evokes Inditex's well-known design mark and emphasizes the term ZARA, as shown below (the "ZARA ACADEMY Marks"):





¶¶ 6, 33.

Defendants' ZARA ACADEMY Marks incorporate the famous ZARA name and mark in its entirety; it is the first and predominant component of ZARA ACADEMY is ZARA. ¶ 37. Defendants not only emphasize the ZARA component of their name and mark by displaying it in bigger and bolder letters than the generic modifier ACADEMY, but also employ a stylized font bearing a striking similarity to the well-known ZARA logo, exemplified by the parties' business signage below:

    

**Zara's Seattle, WA Storefront    Zara Academy's Wenatchee, WA Storefront**

**ORDER AND PERMANENT INJUNCTION # 5**

¶¶ 7, 33.

Defendants' use of the ZARA ACADEMY Marks is likely to deceive, confuse and mislead purchasers and prospective purchasers into believing that the services offered under the marks are affiliated with or come from Inditex, when in fact they are not. ¶ 39. *Dreamwerks Prod. Group, Inc. v. SKG Studio*, 142 F.3d 1127, 1129 (9th Cir. 1998). "If a junior user takes the entire mark of another and adds a generic, descriptive or highly suggestive term, it is generally not sufficient to avoid confusion." J. Thomas McCarthy, 4 McCarthy on Trademarks and Unfair Competition § 23:50 (5th ed.). *See also Golden Door, Inc. v. Odisho*, 646 F.2d 347, 350 (9th Cir. 1980) (finding "Golden Door Coiffeur" and "Golden Door for Hair" confusingly similar to GOLDEN DOOR).

An analysis of the likelihood of confusion factors identified by the Ninth Circuit in *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979), confirms that confusion is all but inevitable.

- **Strength of the Mark:** The ZARA Marks are strong, have acquired enormous value, and are widely recognized as identifying and distinguishing Inditex as the source of services and goods offered bearing the ZARA Marks. ¶¶ 21-27. Indeed, ZARA is one of the most famous marks in the world. ¶ 1.

- **Proximity of the Goods/Services:** Defendants operate a beauty academy, offering services closely related to the beauty and personal care goods and services already offered by Inditex, and within Inditex's logical zone of expansion, particularly since Inditex has previously offered hair styling services at ZARA stores and make-up tutorials on its official YouTube channel. ¶ 26.

- **Evidence of Actual Confusion:** Evidence of actual confusion is notoriously difficult to capture. Here, Defendants most likely have knowledge of many instances of actual confusion but have deprived Inditex of the opportunity to obtain that evidence through discovery.

**ORDER AND PERMANENT INJUNCTION # 6**

- **Marketing Channels Used:** The parties advertise and promote their goods and services at their physical places of business and on their websites and social media. ¶¶ 3, 7, 12, 18-20, 33. Both have locations in Washington state, where the public encounters their unmistakably similar signage. ¶ 33.

- **Type of Goods and Degree of Care:** Due to the lack of discovery, Inditex lacks information concerning Defendants' prospective students, but a technical school offering beauty certificates typically attracts students with fewer academic credentials than those applying to colleges or universities, and the cost is far less. Further, even sophisticated applicants might well assume an affiliation between Defendants and Inditex given the ubiquity of ZARA brand and the striking similarity of the parties' branding.

- **Defendant's Intent in Selecting the Mark:** Defendants have acted in bad faith. At the time they adopted the ZARA ACADEMY Marks, they were on actual and constructive notice of Inditex's prior rights in the ZARA Marks, as evidenced by their copying of the distinctive stylization of Inditex's logo. Further, they have willfully continued to use the infringing marks even after they received Zara's demand letter and initially expressed willingness to resolve the matter amicably. ¶¶ 8, 36.

- **Likelihood of Expansion:** Inditex and its affiliated companies have already expanded into cosmetics and personal care products and offered associated services including make-up tutorials and hair-dressing salons. Further, the ZARA brand has become a lifestyle brand, having successfully branched out into new categories under variants of the ZARA Marks incorporating the term ZARA and a generic or descriptive term. ¶¶ 26, 38.

"Willful trademark infringement occurs when the defendant's actions are willfully calculated to exploit the advantage of an established mark," *DC Comics v. Towle*, 802 F.3d 1012, 1026 (9th Cir. 2015), such as when the defendant's conduct is "deliberate, false, misleading, or fraudulent." *Fifty-Six Hope Road Music, Ltd. v.*

**ORDER AND PERMANENT INJUNCTION # 7**

*A.V.E.L.A., Inc.*, 778 F.3d 1059, 1074 (9th Cir. 2015). In the default judgment context, allegations of willful conduct are deemed admitted based on the defendant's failure to defend. *See Derek Andrew, Inc. v. Poof Apparel Corp*., 528 F.3d 696, 702 (9th Cir. 2008). In this case, the allegations of willfulness (¶¶ 8, 41, 46, 52, 68, 73) are deemed admitted, and are further evidenced by Defendants' continued use of the ZARA ACADEMY Marks even after this action was filed and after initially engaging in subsequent settlement discussions.

**2. Defendants are Liable for Federal Unfair Competition, False Description, and False Designation of Origin Under the Lanham Act**

To state a claim for federal unfair competition, false description and false designation of origin under Section 43(a) of the Lanham Act, no federal trademark registration is required. A plaintiff may rely on common law rights arising from use, and an exclusive licensee has standing to assert an unfair competition claim. *STX, Inc. v. Bauer USA, Inc.*, No. C 96-1140 FMS, 1997 WL 337578, at *3 (N.D. Cal. June 5, 1997) (holding licensee had standing under Section 43(a) "regardless of whether it owns the marks"). Inditex and its exclusive licensee Zara USA, Inc. therefore both have standing to sue under Section 43(a). ¶¶ 12, 50. The likelihood of confusion analysis is identical to that under Section 32 of the Lanham Act. *See Brookfield Comm., Inc. v. West Coast Enter. Corp*., 174 F.3d 1036, 1046 n. 6, 1047 n. 8 (9th Cir. 1999)). For the reasons discussed in Section II.B.1, *supra*, Defendants' use of the ZARA Academy Marks is likely to create confusion as to the affiliation between the parties or their respective goods and services. Accordingly, Zara has established that Defendants are liable for federal unfair competition, false description and false designation of origin in violation of Section 43(a).

**3. Defendants are Liable for Federal Trademark Dilution under the Lanham Act**

To prevail on a claim of federal trademark dilution, a mark owner must show that "(1) the mark is famous and distinctive;" (2) the defendant is making use of the

**ORDER AND PERMANENT INJUNCTION # 8**

mark in commerce; (3) the defendant's use began after the mark became famous; and (4) the defendant's use of the mark is likely to cause dilution by blurring or dilution by tarnishment." *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 634 (9th Cir. 2008).

ZARA is recognized as one of the most famous and valuable brands in the world by independent brand ranking organizations and leading U.S. publications. ¶¶ 1, 3, 18-23. Defendants adopted the ZARA ACADEMY Marks, emphasizing the ZARA component of that mark and displaying it in typography indistinguishable from the well-recognized ZARA logo, well after the ZARA mark became famous. ¶¶ 6, 56. Defendants' use of the ZARA ACADEMY Marks dilutes the distinctive quality of the ZARA mark by lessening its capacity to identify and distinguish Inditex exclusively as the source of goods and services bearing the ZARA mark and is likely to tarnish, does tarnish, and will continue to tarnish the ZARA mark by associating it with products and services of inferior quality. ¶ 57. Accordingly, Inditex has demonstrated that Defendants have diluted the ZARA mark.

### 4. Defendants are Liable for Trademark Dilution Under Washington Law

Inditex has established Defendants' liability for trademark dilution under the Lanham Act, and the analysis is the same under Washington law since "the Washington dilution statute [RCW § 19.77.160] is identical to the federal statute." *Nautilus Grp., Inc. v. Icon Health & Fitness, Inc.*, No. C02-2420RSM, 2006 WL 3761367, at *5 (W.D. Wash. Dec. 21, 2006). Accordingly, Inditex has also established Defendants' liability for dilution under RCW § 19.77.160.

### 5. Defendants are Liable for Unfair and Deceptive Trade Practices Under the WCPA

Under the WCPA, a plaintiff must prove: (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) that impacts the public interest; (4) causes injury to the plaintiff's business or property; and (5) that injury is causally linked to the unfair or deceptive act. *Hangman Ridge Training Stables, Inc. v.*

**ORDER AND PERMANENT INJUNCTION # 9**

*Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986). "Absent unusual circumstances, the analysis of a [W]CPA claim will follow that of the [federal] trademark infringement and unfair competition claims; it will turn on the likelihood of confusion regarding a protectable mark." *Safeworks, LLC v. Teupen Am., LLC*, 717 F. Supp. 2d 1181, 1192 (W.D. Wash. 2010) (citing *Seattle Endeavors, Inc. v. Mastro*, 868 P.2d 120, 127 (Wash. 1984) (noting trademark infringement generally establishes a violation of the WCPA). Accordingly, since Zara has established that Defendants liability for unfair competition and false description and false designation of origin in violation of Section 43(a) of the Lanham Act, Defendants are also liable for unfair and deceptive trade practices in violation of the WCPA.

### 6. Defendants are Liable for Common Law Trademark Infringement and Unfair Competition Under Washington Common Law

"The elements necessary to establish a likelihood of confusion for common law and statutory unfair competition claims in Washington are the same as for federal trademark infringement and unfair competition." *Padded Spaces LLC v. Weiss*, No. C21-0751JLR, 2022 WL 2905887, at *4. Therefore, because Zara has established its claims for trademark infringement and unfair competition under the Lanham Act, it has also established its claims under Washington common law. *Id.*

### C. Zara is Entitled to Default Judgment

To determine a plaintiff's entitlement to default judgment, the Court considers the seven factors set forth in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986): "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Id.* at 1471-72. All seven factors weigh in favor of granting default judgment here.

**ORDER AND PERMANENT INJUNCTION # 10**

1. **First *Eitel* Factor (The Possibility of Prejudice to the Plaintiff): Zara Will Be Prejudiced Without a Default Judgment**

Zara will be prejudiced without a default judgment in this case because Defendants have willfully continued their unlawful activities even after this suit was filed. Absent a default judgment, Zara has no legal remedy for the harm caused by Defendants, and no way to prevent Defendants from causing further damage to Zara and its customers. See *POW Nev., LLC v. Connery*, 2018 WL 3956129, at *2 (W.D. Wash. Aug. 17, 2018) (finding first *Eitel* factor weighed in favor of default judgment because plaintiff would otherwise have no legal remedy).

2. **Second and Third *Eitel* Factors (The Merits of Plaintiff's Substantive Claim and the Sufficiency of the Complaint): Zara Has Established Defendants' Liability**

The second and third factors—"often analyzed together"—support a default judgment. *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014). As explained above, Zara has established Defendants' liability for each of the asserted claims.

3. **Fourth *Eitel* Factor (The Sum of Money at Stake in the Action): Zara Seeks No Monetary Damages**

Due to Defendants' failure to appear in this lawsuit, Zara has not been able to obtain discovery that would allow it to quantify either its damages or Defendants' profits for purposes of a monetary award. Because its primary objective is to stop Defendants' ongoing unlawful acts, Zara has elected to pursue injunctive relief only and does not seek a monetary award on this motion.

4. **Fifth *Eitel* Factor (The Possibility of a Dispute Concerning Material Facts): The Facts are Undisputed**

The fifth factor favors a default judgment Zara's allegations are unchallenged by Defendants. *See Curtis*, 33 F. Supp. 3d at 1212 ("When default has been entered,

**ORDER AND PERMANENT INJUNCTION # 11**

courts find that there is no longer the possibility of a dispute concerning material facts because the court must take the plaintiff's factual allegations as true.").

**5.  Sixth *Eitel* Factor (Whether the Default Was Due to Excusable Neglect): Defendants' Failure to Appear is Inexcusable**

Defendants are well aware of this litigation and Zara's intention of seeking a default judgment subsequent to failed settlement discussions. "In the default judgment context, there is no excusable neglect where a defendant is properly served with the Complaint, the notice of entry of default, and the papers in support of the default judgment motion." *Getty Images (US), Inc. v. Virtual Clinics*, 2014 WL 358412, at *5 (W.D. Wash. Jan. 31, 2014); see also *Beck v. Pike*, 2017 WL 530354, at *2 (W.D. Wash. Feb. 9, 2017) (sixth factor "nearly always favors entry of default judgment"). Zara properly served Defendants with the Complaint by personal service, discussed this action with Defendants in the context of settlement negotiations, referenced the action in a draft settlement agreement provided to Defendants in an attempt to resolve the dispute, and served Defendants with notice of the entry of default and the filed version of this motion and supporting papers. *See* Declaration of Briggs M. Wright ("Wright Decl.") ¶¶ 3-7.

**6.  Seventh *Eitel* Factor (The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits): The Policy Favoring Decisions on the Merits Is Not Dispositive Because Defendants Knowingly Abandoned Their Defense**

Where, as here, Defendants' failure to appear renders a decision on a fully developed record "impractical, if not impossible," any preference for deciding cases on the merits "does not preclude a court from granting default judgment." *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

### D.  Zara is Entitled to Permanent Injunction

Zara seeks to permanently enjoin Defendants their officers, agents, representatives, employees, successors, and assigns, and all others in active concert

or participation with them from infringing and diluting the ZARA Marks, including the well-known ZARA word mark and stylized design mark, and from unfairly competing with Zara. The Lanham Act authorizes the Court "to grant injunctions according to principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the trademark owner." *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1137 (9th Cir. 2006) (citing 15 U.S.C. § 1116(a)).

In trademark cases, courts apply the traditional four-factor test for granting a permanent injunction: (1) whether the plaintiff has suffered irreparable injury; (2) whether the plaintiff can be adequately compensated by a remedy at law, such as monetary damages; (3) whether the balance of hardships between the plaintiff and defendant favors the plaintiff; and (4) whether the permanent injunction will serve the public. *See Reno Air Racing Ass'n.*, 452 F.3d at 1137 (citing *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 392 (2006)).

All four factors favor granting a permanent injunction in this case.

**1. Zara Has Suffered Irreparable Harm**

A rebuttable presumption of irreparable harm arises from Defendants' violations of Sections 32(1) and 43 of the Lanham Act.  *See* 15 U.S.C. § 1116(a) (*as amended* December 27, 2020) ("A plaintiff seeking any such injunction shall be entitled to a rebuttable presumption of irreparable harm upon a finding of a violation identified in this subsection in the case of a motion for a permanent injunction."). A defendant's failure to answer a complaint or appear in litigation also suggests it will continue infringing activities absent an injunction. *See Adobe Sys. Inc. v. Cain*, 2008 WL 5000194, *3 (N.D. Cal. Nov. 21, 2008). Here, Plaintiffs have also established that Defendants' unlawful activities are continuing unabated. Defendants are continuing to engage in the very same unlawful activities pleaded in the Complaint at their physical premises and on their website, having just moved that site to a new domain name. Wright Decl. ¶ 10. Because Zara has no ability to

**ORDER AND PERMANENT INJUNCTION # 13**

control the quality of the beauty and personal care services offered by Defendants and because Defendants are unfairly exploiting the reputation and good will symbolized by the ZARA Marks, Defendants' ongoing use of the ZARA ACADEMY Marks threatens Zara's reputation, goodwill and business. ¶¶ 10, 39, 47, 53, 58, 63, 69, 75. Additionally, Defendants' ongoing use dilutes the distinctive quality of the ZARA mark by lessening its capacity to identify and distinguish Inditex exclusively as the source of goods and services bearing that mark and is likely to tarnish the ZARA mark by associating it with products and services of different quality. ¶ 40. Such irreparable damage will continue unless Defendants' acts are enjoined.

### 2. Monetary Damages Are Inadequate

Defendants' willful infringement, dilution, and unfair competition have harmed and will continue to harm Zara's reputation and goodwill such that Zara cannot be made whole by a monetary award or other remedy at law. *See* 15 U.S.C. § 1116(a) (presumption of irreparable injury); *TMobile USA, Inc. v. Terry*, 862 F.Supp.2d 1121, 1133 (W.D. Wash. 2012) (injury presumed irreparable upon finding of infringement) (citing *eBay*, 47 U.S. at 390 (2006)). After receiving a demand letter and initially expressing willingness to resolve the matter amicably, Defendants have refused to cease using the ZARA ACADEMY Marks. ¶¶ 8, 36. Zara has exhausted the available avenues of stopping Defendants' unlawful activities and permanent injunctive relief is the only adequate remedy to avoid continued infringement and harm to Zara, its reputation, and the goodwill in the ZARA Marks.

### 3. The Balance of Hardships Favors a Permanent Injunction

The balance of hardships favors Zara because if an injunction does not issue, Zara stands to suffer further damage from Defendants' continued infringement, whereas there is no hardship to Defendants that would counterbalance this

consideration. *TMobile USA, Inc.*, 862 F. Supp. 2d at 1133 ("Defendant has no legitimate interest" in continuing with deceptive conduct).

**4. The Public Interest Would Be Served By a Permanent Injunction**

The public interest is undoubtedly served by preventing Defendants from continuing their infringement, dilution, and unfair competition. Defendants' acts harm consumers who rely upon the ZARA Marks to signal quality and consistency, and who trust Zara's reputation. ¶ 5; *Treemo, Inc. v. Flipboard, Inc.*, 53 F. Supp. 3d 1342, 1368 (W.D. Wash. 2014) ("injunctive relief serves the public interest by protecting the rights of trademark holders against infringement and also minimizing consumer confusion").

**III.    ORDER & PERMANENT INJUNCTION**

The Court, having reviewed the relevant briefing and the remainder of the record, finds adequate bases for default judgment.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Plaintiffs' Motion for Default Judgment Against Zara Academy, LLC and Gabriela Amante, ECF No. 13, is **GRANTED**.

2.    Commencing on the "So Ordered" date of this Order and Permanent Injunction, Defendants Zara Academy, LLC and Gabriela Amante (collectively, "Defendants") and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by Defendants, and all those in active concert and participation with Defendants, and each of them, are immediately and permanently restrained, enjoined, and prohibited from:

a.    Using ZARA ACADEMY as a name or mark for any goods or services;

b.    manufacturing, offering, selling, marketing, promoting, advertising, or providing goods or services under the ZARA ACADEMY mark

**ORDER AND PERMANENT INJUNCTION # 15**

variants thereof (the "ZARA ACADEMY Marks"), or any other marks or designations that are confusingly similar to the mark ZARA or composite marks containing that term (the "ZARA Marks");

c.  using any false designation of origin or false description, or performing any act which is likely to lead members of the trade or public to believe that any product manufactured, imported, distributed, offered for sale, or sold by Defendants, or any service offered or rendered by Defendants, is in any manner associated or connected with Zara, or is licensed, sponsored, approved, or authorized by Zara;

d.  engaging in any other activity constituting unfair competition with Zara, or constituting infringement of the ZARA Marks;

e.  taking any action, including the use of the ZARA ACADEMY Marks, that dilutes the unique association between the ZARA mark and Inditex, or that tarnishes the reputation or image of Inditex;

f.  disposing of, destroying, altering, moving, removing, concealing, tampering with, or in any manner secreting any business records (including computer records) of any kind, including invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to any retail services offered in connection with the ZARA ACADEMY Marks, or any other mark or designation that is confusingly similar to any of the ZARA Marks;

g.  using a stylized font or typeface bearing a striking similarity to that of Zara's well-known design mark **Z A R A**, including but not limited to that incorporated in the designs depicted below:

**ORDER AND PERMANENT INJUNCTION # 16**





h.  instructing, assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (g) above.

3.  Defendants shall, within ten days of the "So Ordered" date below:

a.  cease use of the domain names ***zaraacademy208.com*** and ***bellamona0603.wixsite.com/zaraacademy*** and cancel any advertising regardless of medium (including but not limited to social media accounts on Facebook, Instagram, or any other platform) using the ZARA ACADEMY Marks, or any mark or designation that is confusingly similar to any of the ZARA Marks;

b.  deliver to Zara's counsel for destruction at Defendants' cost all signs, products, packaging, promotional material, advertising material, catalogs, and any other items bearing the ZARA ACADEMY Marks, or any mark or designation that is confusingly similar to any of the ZARA Marks;

c.  recall from all suppliers and distributors any and all marketing materials, products and packaging sold or distributed by Defendants under the ZARA ACADEMY Marks or any other mark or designation that is confusingly similar to any of the ZARA Marks, and, upon recall, to deliver such goods up to Zara's counsel for destruction or donation at Defendants' cost; and

d.  change the name of Zara Academy, LLC at the Washington Secretary of State's Office such that does not incorporate any of the

**ORDER AND PERMANENT INJUNCTION # 17**

ZARA Marks or any mark or designation that is confusingly similar to any of the ZARA Marks.

4. Defendants shall, within thirty (30) days of the "So Ordered" date below, report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the above;

5. In the event Defendants fail to comply with any of the foregoing paragraphs:

   a. Within forty-five (45) days of this "So Ordered" date below, or as soon thereafter as is reasonably practicable, the United States Marshal or his deputy, accompanied by Zara's counsel and/or person(s) acting under its supervision, shall seize and impound all the items at Defendants' place of business, specifically the Zara Academy, LLC business located at 208 S. Wenatchee Avenue, Wenatchee, WA 98801, bearing any of the ZARA Marks or ZARA ACADEMY Marks, and turn any such items over to Zara for destruction or other such disposition as Zara shall in its sole discretion deem appropriate, including the following items: property signage, entrance signage, building signage, displays, and advertising or promotional materials. Zara shall be responsible for notifying and coordinating the service and execution of this Order with the designated representative for the United States Marshal Administrative Officers, and shall within thirty (30) days of any seizure authorized by this Order file a notice of compliance identifying the date of seizure, the items seized, and the costs incurred, and may thereafter move this court for recovery of any associated damages/profits, costs, and attorneys' fees to which it claims entitlement in connection with execution of this Order;

**ORDER AND PERMANENT INJUNCTION #** 18

b. Upon Zara's written request, the third parties operating or hosting the domain names and social media sites used by Defendants conduct their unlawful activities (including but not limited to ***https://zaraacademy208.com/***; ***https://bellamona0603.wixsite.com/zaraacademy***; ***https://www.facebook.com/ZARAACADEMY/***; and ***https://www.instagram.com/zara.academywa/***) are hereby ordered to disable Defendants' domain names, social media pages, and e-commerce stores permanently, and the registrars of Defendants' domain names are hereby ordered to disable Defendants' domain names and transfer them to Zara's designee.

6. If any provision of this Order or of any Order issued in this case is held invalid, or if the application of any provision or circumstance of this Order is held invalid, then the remainder of this Order, and the application of the provision to any other person or circumstance shall not be affected by the holding.

7. This Court shall retain jurisdiction of this action to ensure compliance with this Order and for all other purposes related to this action, including any motion by either Defendant to modify, or for relief from the terms of, this Order.

//
//
//
//
//
//
//
//

**ORDER AND PERMANENT INJUNCTION # 19**

8.    The injunctive and equitable relief provisions of this Order shall be binding upon Defendants, upon any person under the authority or control of Defendants, and upon any person who receives actual notice of this Order, by personal service, e-mail, facsimile, or otherwise insofar as he or she is acting in active concert or participation with Defendants.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 8th day of April 2024.



Stanley A. Bastian
Chief United States District Judge

**ORDER AND PERMANENT INJUNCTION** # 20