FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 09, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| INDUSTRIA DE DISENO TEXTIL, S.A. AKA INDITEX, S.A. and ZARA USA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ZARA ACADEMY, LLC and GABRIELA AMANTE, <br><br> Defendants. | No. 2:23-CV-00046-SAB <br><br> **AMENDED DEFAULT JUDGMENT ORDER** |

Before the Court is Plaintiffs' Motion for Default Judgment Against Defendant Zara Academy, LLC and Gabriela Amante, ECF No. 13. Plaintiffs are represented by Briggs M. Wright and Lisa S. Pearson. The motion was heard without oral argument.

A Permanent Injunction Order was issued by this Court on April 8, 2024, ECF No. 15, which was in response to Plaintiffs' Motion for Default Judgment. This Order clarifies judgment against Defendants and in favor of Plaintiffs.

**Legal Standard**

Fed. R. Civ. P. 55(a) allows a party to move for default judgment if the opposing party "has failed to plead or otherwise defend" the action. Rule 55 outlines two methods through which a party can request a default judgment. If (1) a plaintiff's claim is for a certain sum or a sum that can be made certain by

**AMENDED DEFAULT JUDGMENT ORDER # 1**

computation; (2) the defendant has not appeared; and (3) the defendant is not a minor or an incompetent person, the plaintiff can request default judgment from the clerk's office. However, in all other cases, the plaintiff must instead request default judgment from the court.

Under Local Civil Rule 55, the Court utilizes a two-step process for default judgment: first, the party must file a motion for entry of default and obtain an Order of Default from the Clerk's Office. Then, the party must file a motion for default judgment. Here, Plaintiffs have already obtained an Order of Default. ECF No. 9.

But, even if entry of default has been made by the court clerk, granting a default judgment is not automatic; rather, it is left to the sound discretion of the Court. *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980). The Court, in exercising its discretion to grant or deny entry of a default judgment, should consider the following factors: (1) the substantive merits of the plaintiff's claims; (2) the sufficiency of the complaint; (3) the amount of money at stake; (4) the possibility of prejudice to the plaintiff if relief is denied; (5) the possibility of a dispute concerning material facts; (6) whether default was the result of excusable neglect; and (7) the strong policy of the Federal Rules that favors decisions on the merits. *Eitel v. McCool,* 782 F.2d 1470, 1471–72 (9th Cir. 1986).

//
//
//
//
//
//
//
//
//

**AMENDED DEFAULT JUDGMENT ORDER # 2**

## Discussion

Plaintiffs request that the Court enter default judgment against Defendants. Plaintiffs do not request a monetary reward but rather a permanent injunction which this Court entered, ECF No. 15. Defendant has failed to appear and defend in this action, despite being validly served with a summons over a year ago and the motion for default judgment filed in early 2024. The Court finds good cause to enter default judgment in favor of Plaintiffs. This Order is an amendment to the Permanent Injunction Order issued by this Court on April 8, 2024, ECF No. 15.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Clerk of Court is directed to enter default judgment **against** Defendants and in **favor** of Plaintiffs in the above-captioned matter.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, provide copies to counsel, and **close** the file.

**DATED** this 9th day of April 2024.



Stanley A. Bastian
Chief United States District Judge

**AMENDED DEFAULT JUDGMENT ORDER # 3**